IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BERNARD L. SMITH,

      Plaintiff,

vs.                 Case No. 17-1171-JTM

MEDTRONIC, INC.,

      Defendant.

MEMORANDUM AND ORDER

Plaintiff Bernard Smith, a state prison inmate, has sued defendant Medtronic, Inc.,
seeking damages for a defibrillator made by Medtronic and implanted in Smith in 2015.
The complaint alleges that Medtronic recalled certain defibrillators in 2016. Specifically,
Smith alleges he has a "Evera XT" defibrillator, which as a result of the recall is "no good"
and that he has been "severely damaged." (Dkt. 1, ¶¶ 5, 7). Smith had another Medtronic
defibrillator implanted in 2002, which was the source of previous litigation in 2005. *See
Smith v. Medtronic*, 05-4148-RDR (D. Kan.). [1]

Medtronic moved to dismiss the complaint, arguing that the 2016 recall was a Class

_____

[1] Smith has advanced other *pro se* actions alleging injuries from medical products
which have been dismissed by the court. *See Smith v. Janssen Pharmaceuticals*, No. 15-9085-
JAR (D. Kan. Feb. 27, 2017) (Dkt. 93, granting summary judgment in light of "the absence
of an established injury" as well as any "nexus between his complained of symptoms" and
defendant's medication), *aff'd*, No. 17-3057 (10th Cir. Aug. 14, 2017); *Smith v. Teva
Pharmaceuticals*, No. 15-9085-JAR (D. Kan. April 7, 2017) (Dkt. 37, dismissing action).

II non-serious recall which involved a total of 39 devices in the entire United States, and that the complaint failed to allege that Smith had one of the affected devices, or suffered any specific injury. Any claims Smith may have with respect to the 2002 defibrillator, Medtronic argues, are barred by *res judicata*. In addition, defendant argues that any state tort claims by defendant are preempted by the Medical Device Amendments (MDA) to the FDA, 21 U.S.C. § 360k(a).

Smith has responded to Medtronic's motion to dismiss, but, as noted by defendant, the response is merely the pleading plaintiff submitted in his 2005 case, with the current case heading and otherwise substituting the name of the present model of defibrillator. *See* No. 05-5148-RDR, Dkt. 6 (Nov. 8, 2005). More importantly, the plaintiff still makes no allegation that the currently-implanted defibrillator is one of the recalled devices, or that he suffered any specific injury. Rather, Smith again simply alleges that the recalled device "is the same model as Plaintiff's device," which "could have resulted in plaintiff's death or serious injury." (Dkt. 17 at 1, 3).

Defendant has shown that the 2016 recall did not affect all devices within the Evera XT model series, and that the recall terminated before the present action was filed, based on a showing to the FDA that the actual defective products had been removed. Plaintiff has failed to make any showing or allegation that his specific device is defective. In addition, plaintiff has failed to show why the court should not accept defendant's preemption argument based on the MDA.

2

Accordingly, the court hereby grants defendant's Motion to Dismiss. (Dkt. 10). In addition, to the extent that plaintiff's recent unilateral Settlement Proposal (Dkt. 19) is construed as a motion, the same is denied.

IT IS SO ORDERED this 12th day of January, 2018.


_____s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE